UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OLAJUWON HERBERT, | |
| Plaintiff, | Civil Action No. 21-12491 (KM) (JBC) |
| v. | **MEMORANDUM AND ORDER** |
| COUNTY OF ESSEX, et al., | |
| Defendants. | |

Pro se Plaintiff Olajuwon Herbert, an inmate at Essex County Correctional Facility (ECCF), filed a complaint in state court on May 17, 2021 against ECCF officials[1] alleging civil rights violations, including denial of due process and excessive force. (DE 1-1 at 7.) Specifically, Plaintiff asserts the following causes of action: respondeat superior, vicarious liability, emotional distress, negligence, a *Monell* claim, and the violation of state assault and battery laws. (*Id.* at 10-12.)

On June 14, 2021, Defendants filed a notice of removal, asserting that this Court has original jurisdiction because "the cause of action…involves a federal question."[2] (DE 1 at ¶¶ 2, 5.) On June 15, 2021, Plaintiff wrote to explain that he did not submit a "response brief" because of an assault by another inmate and jail-wide lockdown, and to request an extension to do so. (DE 2.) For the reasons below, I will deny the extension.

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. A plaintiff may challenge removal by moving to remand the case back to state court. 28 U.S.C. § 1447. Grounds for remand include: "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal process." *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993).

---

[1] Though the caption names Essex County as a defendant, the Complaint only named individuals.
[2] Defendants do not specify the cause(s) of action. Only the *Monell* claim, which invokes 42 U.S.C. § 1983, appears to be a federal claim.

If the "brief" Plaintiff references is a motion to remand, timeliness will depend on the grounds for his objection. If Plaintiff's objection is jurisdictional—for example, if none of Plaintiff's claims involve a federal question or any other basis for federal jurisdiction—he can assert the objection any time before final judgment. *See generally* 28 U.S.C. § 1447(c).

If Plaintiff's objection to the notice of removal is procedural, I must deny the extension request because I lack the authority to grant it. A motion to remand based on a defect in the removal procedure must be brought within 30 days of the filing of the notice of removal, or the objection is waived. 28 U.S.C. § 1447; Wright, Fed. Prac. & Proc. § 3739 at 804-18 (noting that even a *sua sponte* remand is barred after the 30-day time limit has elapsed). This rule has been strictly enforced. *See, e.g. Perea v. Benjamin H. Realty Corp.*, No. CV 16-770, 2016 WL 5858654, at *3 (D.N.J. Oct. 4, 2016) (even accepting as true the representation of plaintiff's counsel, a solo practitioner, that he underwent major surgery a few days before the deadline for a motion to remand, untimeliness of notice of removal was a procedural defect waived when motion to remand was filed past the strict 30-day deadline); *Ramos v. Quien*, 631 F. Supp. 2d 601, 608 (E.D. Pa. 2008) (holding that the court lacked authority to remand for violation of the unanimity rule requiring all defendants to consent to removal because the rule was procedural, not jurisdictional) (citing *Balazik v. County of Dauphin,* 44 F.3d 209, 213 (3d Cir. 1995)).

Because Plaintiff's one-page letter does not provide any basis for remand, I am unable to discern the nature of Plaintiff's objection. That said, Plaintiff does not need an extension at the moment. He has nearly the entire 30-day period remaining, until July 10, 2021, to assert any procedural objection in a motion to remand. Should Plaintiff fail to file a motion to remand by that deadline, he would be limited to jurisdictional objections thereafter.

IT IS therefore, on this 16th day of June, 2021,

ORDERED that Plaintiff's request for an extension of time to file a brief and/or motion to remand based on procedural objections (DE 2) to the notice of removal (DE 1) is DENIED; and it is finally

ORDERED that the Clerk of Court shall send a copy of this order to Plaintiff by regular U.S. mail.

/s/ Kevin McNulty
_____
Kevin McNulty
United States District Judge